IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-191-BO
NO. 5:12-CV-106-BO

| | |
|---|---|
| MICHAEL LEONARD WOODARD, JR., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 46]. The government has responded [DE 50], and the matter is ripe for review. For the reasons discussed below, Petitioner's Motion is granted.

## BACKGROUND

On November 16, 2010, Petitioner, Mr. Woodard, pleaded guilty pursuant to a plea agreement to possession with intent to distribute marijuana and MDMA in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Woodard was sentenced to a total term of imprisonment of 180 months on March 31, 2011. Mr. Woodard filed a direct appeal, and the Court of Appeals affirmed his conviction and dismissed the appeal of his sentence by order entered October 18, 2011. Mr. Woodard filed the instant § 2255 motion on March 1, 2012, to which the government responded on March 20, 2012.

## DISCUSSION

Mr. Woodard's § 2255 motion contends that his 180 month sentence is based on the Court's determination that Petitioner was subject to the career offender enhancement pursuant to

U.S.S.G. 4B1.1. The career offender enhancement applies to defendants who have, *inter alia*, at least two prior felony convictions of either a crime of violence or a controlled substance offense. If not for the career offender enhancement, Mr. Woodard's base offense level under the advisory sentencing guidelines would have been 16; with the enhancement his base offense level was 32. Mr. Woodard argues that all but one of the prior convictions relied upon to apply the career offender enhancement now no longer qualify as felony convictions in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and that his sentence should be modified accordingly.

The government contends that Mr. Woodard in his plea agreement waived his right to contest his sentence in a post-conviction motion and that his motion to vacate should therefore be dismissed. The Court finds the government's contention unpersuasive.

## I. Holding in *United States v. Simmons*

At the outset, the Court will review the Fourth Circuit's holding in *Simmons* before considering whether that holding might affect Mr. Woodard. Jason Simmons pleaded guilty to drug trafficking in federal court and was subjected to a sentencing enhancement under the Controlled Substances Act because the district court found that his prior state conviction for marijuana possession was for an offense "punishable by imprisonment for more than one year." The Fourth Circuit affirmed in an unpublished opinion. *United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009) ("Panel I"). The Supreme Court vacated that judgment and remanded the case to the Fourth Circuit for "further consideration in light of *Carachuri-Rosendo v. Holder*." 130 S. Ct. 3455. A panel of the Fourth Circuit held that *Carachuri* did not require a change in the previous holding. *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011) ("Panel II").

2

However, the Fourth Circuit voted to rehear the case en banc, and in a published opinion, the court of appeals vacated Mr. Simmons's sentence in light of *Carachuri*, holding that the opinion of the Supreme Court "clearly forelcose[d] reliance on *Harp*[1]." *Simmons*, 649 F.3d at 247. [2]

*Carachuri* was an immigration case in which the Supreme Court was faced with the question of whether Mr. Carachuri-Rosendo was eligible to seek cancellation of removal or waiver of inadmissability. *Carachuri-Rosendo*, 130 S.Ct. 2577, 2580 (2010). To answer that question, the Court first had to determine whether he had been convicted of an "aggravated felony" pursuant to 8 U.S.C. § 1229b(a)(3), which would bar that relief. An "aggravated felony" under the INA includes, *inter alia*, felonies punishable under the Controlled Substances Act for which the "maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a). Recidivist simple possession is punishable by up to two years of imprisonment, but "requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea. 21 U.S.C. §§ 844(a), 851(a)(1). Because Mr. Carachuri-Rosendo had been convicted of a state simple possession offense that, though it could have been charged in federal court as a felony, was not, the Court held that he had not been convicted of an aggravated felony.

---

[1] In *United States v. Harp*, the Fourth Circuit had held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year...we consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 406 F.3d 242, 246 (4th Cir. 2005) (internal citation omitted).

[2] Mr. Woodard's direct appeal was pending when the Fourth Circuit's en banc opinion in *Simmons* was filed. The Court need not address, however, whether or not Mr. Woodard might be procedurally barred from raising *Simmons* on collateral review as the government has failed to raise the issue in its response to the petition. *See United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993) (government's failure to raise procedural bar precludes government from relying on it); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991) (same).

Sitting en banc, the Fourth Circuit in *Simmons* interpreted *Carachuri-Rosendo* to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. Under North Carolina's structured sentencing regime, felony sentences are contingent on the designated "class of offense" and the offender's "prior record level," which are each established by statute. N.C. Gen. Stat. §15A-1340.13(b). Once these two factors have been established, the sentencing judge matches the factors to a statutory table, which provides a presumptive range, a mitigated range, and an aggravated range. N.C. Gen. Stat. §15A-1340.17(c). The presumptive range governs the sentencing unless the judge makes written findings that justify a departure to the aggravated or mitigated range. N.C. Gen. Stat. §§15A-1340.13(e); 15A-1340.16(c). Once the appropriate range has been determined, the defendant's minimum sentence must fit within that range. In *Simmons*, the Fourth Circuit held that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (2010)).

## II. Petitioner Did Not Waive His Right to File This Motion Because His Challenge Falls Outside the Scope of the Waiver

The docket reflects that in his Rule 11 colloquy on November 16, 2010, Mr. Woodard confirmed to this Court that he entered his plea agreement freely and voluntarily. Although a criminal defendant may waive his right to attack his conviction and sentence collaterally, *United*

4

*States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), the Fourth Circuit has held that proceedings that affect constitutional rights and fundamental fairness fall outside the scope of such waivers. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (sentence imposed in excess of maximum provided by statute or based on constitutionally impermissible factor like race falls outside the scope of an appeal waiver); *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (challenges to the validity of sentences fall outside the scope of an appeal waiver where the challenge involves a claim that the sentence was illegal). This class of claims includes errors that the defendant "could not have reasonably contemplated" at the time of the plea agreement. *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005). Whether a defendant was properly classified as a career offender in light of *Simmons* is such a claim–and is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *United States v. Yancey*, No. 11-4792, 2012 WL 313752, at *1 (Feb. 2, 2012) (unpublished).

### III. In Light of *Simmons*, Petitioner is No Longer a Career Offender

There are four convictions providing the basis for Mr. Woodard's career offender status located at ¶¶ 24, 25, 26, and 28 of Mr. Woodard's presentence report. Paragraph 24 lists convictions for class H felonies where Mr. Woodard had a prior record level of II; paragraph 26 lists a conviction for a class I felony where Mr. Woodard had a prior record level of III; paragraph 28 lists convictions for class H felonies where Mr. Woodard had a prior record level of III. Because the sentencing judges did not make any written findings and imposed punishments within the presumptive ranges, Mr. Woodard was not convicted of crimes punishable by a term of imprisonment exceeding one year for the convictions listed at ¶¶ 24, 26, and 28. Accordingly, after *Simmons*, Mr. Woodard does not have the requisite predicate convictions for sentencing

5

enhancement under 4B1.1 and is therefore no longer a career offender.[3]

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. Petitioner Michael Leonard Woodard, Jr.'s sentence in this matter is VACATED and this matter will be set for RESENTENCING by separate notice.

SO ORDERED, this 25 day of April, 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that the government does not argue that Petitioner would remain a career offender in light of *Simmons*, only that the holding in *Simmons* should not be applied to Petitioner for the reasons discussed above.

6