IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-191-BO
NO. 5:12-CV-106-BO

| | |
|---|---|
| MICHAEL LEONARD WOODARD, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the Court on the government's Motion for Reconsideration [DE 53]. Petitioner has responded [DE 54], and the matter is ripe for review. For the reasons discussed below, the government's motion is denied.

## BACKGROUND

On April 25, 2012, the Court granted Petitioner's, Mr. Woodard, Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, finding that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Mr. Woodard no longer had sufficient predicate convictions to qualify for the career offender enhancement under U.S.S.G. 4B1.1. The government now asks that the Court reconsider its holding, arguing that such a finding runs directly contrary to Fourth Circuit precedent found in *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). Mr. Woodard responds that the Fourth Circuit's holding in *Pettiford* is inapposite, as this Court did not find Mr. Woodard to be actually innocent of being a career offender.

## DISCUSSION

*Pettiford* involved claims raised in a § 2255 proceeding that could have been raised on

direct appeal and were thus procedurally barred. 612 F.3d at 280 (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006)). Noting that the Supreme Court had recognized an equitable exception to such a bar where an applicant can show cause and prejudice or actual innocence, the Court of Appeals found that, *inter alia*, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Id.* at 284.

As correctly noted by Petitioner, the government did not argue that Mr. Woodard was procedurally barred from challenging his classification as a career offender. Accordingly, it was unnecessary for the Court to consider whether Mr. Woodard might be actually innocent of his career offender classification. The Court found Mr. Woodard to no longer have the predicate convictions to qualify for sentencing enhancement under U.S.S.G. 4B1.1 in light of *Simmons*. Because the holding of *Pettiford* is inapposite here, the Court need not consider whether it would serve to foreclose relief for Mr. Woodard.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's Motion to Reconsider is DENIED.

SO ORDERED, this /8 day of May, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE